IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PATRICIA SPICER,                    :
               Plaintiff,           :    CIVIL ACTION
                                    :
          v.                        :
                                    :
VILLANOVA UNIVERSITY,               :
               Defendant            :    NO. 06-1411


MEMORANDUM AND ORDER

McLaughlin, J.                            November 30, 2006


          The plaintiff's original complaint alleged that the
defendant committed various acts of race and age discrimination.
Her amended complaint, filed more than 90 days after she received
a right-to-sue letter from the Equal Employment Opportunity
Commission ("EEOC"), contains only one count: disability
discrimination.  The defendant has moved to dismiss on the ground
that the disability claim is untimely because the plaintiff's
amended complaint does not relate back to the original complaint.
The Court will deny the motion.


I.        Factual and Procedural Background


          The plaintiff worked for the defendant from 1992 until
her termination in June of 2005, performing custodial duties in
the facilities department.  On November 10, 2005, the plaintiff
filed a complaint with the EEOC alleging that the defendant

violated the Americans with Disabilities Act.  She alleged that
the defendant, in refusing to assign her a day shift, failed to
accommodate her disability (sleep apnea).  She further alleged
that she was fired on account of her disability after a
supervisor claimed to find her sleeping on the job.

The EEOC issued its right-to-sue letter on December 29,
2005, and the plaintiff instituted this action on April 3, 2006.
The complaint contained four allegations: (1) that the plaintiff
was denied the opportunity to work overtime because of her race
and age; (2) that after she complained to an African-American
supervisor that coworkers were sleeping on the job, the
supervisor falsely accused the plaintiff herself of sleeping on
the job, which led to her termination; (3) that the plaintiff
suffered race-related harassment by coworkers; and (4) that work
assignments were distributed unequally, allowing coworkers, but
not the plaintiff, an opportunity to sleep or engage in leisure
activities during their shifts.

The plaintiff's original complaint, which did not
mention her sleep apnea, contained a hand-written paragraph which
stated that she was bringing claims of discrimination based on
sex, race, age, and disability.  Compl. ¶ 50.  The copy of the
complaint served on the defendant did not contain this paragraph,
which is the only reference to disability in the complaint.

On July 14, 2006, the plaintiff filed her amended

-2-

complaint, which alleges that she was denied the opportunity to work overtime because of her disability.  The complaint further alleges that she was wrongfully fired on the basis of her disability and that the defendant failed to accommodate her sleep apnea.

Because the amended complaint was filed more than 90 days after the plaintiff received her right-to-sue letter, her disability discrimination claim is timely only if the amended complaint relates back to the original complaint.


II.     <u>Analysis</u>


An amended pleading will relate back to the original pleading when the claim asserted in the amended pleading arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c)(2).  The application of Rule 15© involves "a search for a common core of operative facts in the two pleadings," a consideration of whether "the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds."  <u>USX Corp. v. Barnhart</u>, 395 F.3d 161, 167 (3d Cir. 2004); <u>Bensel v. Allied Pilots Ass'n</u>, 387 F.3d 298, 310 (3d Cir. 2004).  A party seeking relation back enjoys the general presumption in favor of allowing amendments to pleadings.

-3-

USX Corp., 395 F.3d at 167.

In this case, as the defendant points out, the amended complaint diverges in many places from the original complaint. The plaintiff has dropped all references to race and sex discrimination, and the surviving allegations have changed the discriminatory motive to disability.  But critically to the analysis under Rule 15(c)(2), the allegations in the amended complaint stem from facts set forth in the original complaint.

Both the original and the amended complaint allege that the plaintiff was discriminatorily denied overtime hours and improperly fired in 2005.  Her original claim of unequal allotment of work responsibilities, which allowed other employees to sleep on the job, appears in the amended complaint as a claim that the defendant failed to accommodate the plaintiff's sleep apnea.  The details vary, but the factual core of the two complaints is the same.  The allegations in the amended complaint thus arise from the "conduct, transaction[s], or occurrence[s]" set forth in the original complaint, and therefore the amended complaint relates back to the original complaint.[1]

The United States Supreme Court case of Tiller v.

_____

[1]    Because the conclusion that the amended complaint relates back to the original complaint does not rely upon the fact that the copy of the complaint filed with the Court contained the hand-written reference to disability, it is immaterial that the copy served on the defendant lacked the reference.

-4-

<u>Atlantic Coast Line Railroad Co.</u>, 323 U.S. 574 (1945), supports the conclusion that relation back is appropriate.  In <u>Tiller</u>, a woman sued a railroad company for the death of her husband first under the Federal Employer Liability Act and then under the Federal Boiler Inspection Act.  The Court held that relation back was appropriate because the cause of action was the same: "a suit to recover damages for the wrongful death of the deceased."  <u>Id.</u> at 581.

        In this case, the cause of action in the two complaints is likewise the same: a suit to redress specific wrongful employment decisions and the plaintiff's wrongful termination. The general "legal theory" -- employment discrimination -- is the same in the plaintiff's two complaints.  <u>Bensel</u>, 387 F.3d at 310.[2]  As the defendant notes, the original complaint makes no mention of sleep apnea, and therefore the amended complaint does more than "amplify the factual circumstances" outlined in the original complaint.  <u>Id.</u>  Nonetheless, the Court believes that relation back is appropriate because of the presumption in favor

_____

        [2]     The Court does not read <u>Bensel</u> and <u>USX Corp.</u> as requiring identical legal theories in the two complaints.  Such a holding would not only contradict <u>Tiller</u>, which allowed relation back where the plaintiff's amended complaint added a claim under a new statute, but also the text of Rule 15(c)(2), which requires only a factual commonality between the two pleadings.  <u>See Mayle v. Felix</u>, 125 S.Ct. 2562, 2656 (2006) (holding, in the habeas context, that "relation back will be in order so long as the original and amended petitions state claims that are tied to a common core of operative facts").

of amendment and because of the similar legal theory and the
common injuries in the two complaints.

The only case in this district directly on point
accords with a finding of relation back. <u>Bernstein v. Nat'l
Liberty Int'l Corp.</u>, 407 F. Supp. 709, 713-14 (E.D. Pa.
1976)(finding that a claim of sex discrimination related back to
a claim of religious discrimination). <u>See also</u> <u>Wenzinger v.
Sperry Corp.</u>, 1986 WL 13497 at *2 (E.D. Pa. 1986)(finding that a
§ 1981 claim stemming from the plaintiff's improper termination
related back to her ERISA and age discrimination claims where the
claims were all based on the same events).

Contrary to the defendant's suggestion, the fact that
several allegations appear in the original but not the amended
complaint is not relevant to the relation-back analysis.  The
focus of the Rule 15(c)(2) inquiry is whether the claims in the
amended complaint have their factual basis in the original
complaint, not whether the specific allegations in the original
complaint survive the amendment.

The defendant's primary support for its motion,
<u>McKenzie v. Lunds Inc.</u>, 63 F. Supp. 2d 986 (D. Minn. 1999), is
inapposite.  In <u>McKenzie</u>, the Court held that relation back was
not appropriate because the amended complaint did not arise out
of the same facts as the original complaint.  <u>Id.</u> at 999.  But
the court had previously dismissed the original complaint under

-6-

Rule 8(a) for lack of factual specificity.  <u>Id.</u>  The absence of facts in the original complaint made it impossible for the court to conclude that the original complaint gave the defendant notice of the "general fact situation" underlying the plaintiff's claim, disallowing relation back.  <u>See</u> <u>USX Corp.</u>, 395 F.3d at 167. <u>McKenzie</u> is thus distinguishable from this case, where both of the plaintiff's complaints contain the same factual nucleus.

The defendant cannot complain that it would be prejudiced by relation back.  The defendant had actual notice, if not pleading notice, of the plaintiff's disability claim.  The defendant's first motion to dismiss, filed before the amended complaint, argued that the plaintiff failed to exhaust her administrative remedies because the EEOC charge related to disability, whereas the complaint referred only to race and age. The defendant thus knew of the plaintiff's disability claims well before the filing of her amended complaint.

Because the amended complaint relates back to the original complaint, the plaintiff's disability claim is timely and therefore the defendant's motion is denied.

An appropriate order follows.

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PATRICIA SPICER,                 :
              Plaintiff,         :    CIVIL ACTION
                                 :
          v.                     :
                                 :
VILLANOVA UNIVERSITY,            :
              Defendant          :    NO. 06-1411
```

ORDER

AND NOW, this 30th day of November, 2006, upon consideration of the defendant's Motion to Dismiss (Docket No. 13) and the plaintiff's response thereto, IT IS HEREBY ORDERED that for the reasons stated in the accompanying memorandum, the defendant's Motion to Dismiss is DENIED.

```
                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.
```